UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GREGORY FAUSTIN,
Individually and on behalf of a class,

                                            17-cv- 3819

                        Plaintiff,


            - against -


FIRST CREDIT SERVICES, INC.,

                        Defendants.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendants First Credit Services, Inc. ("First Credit"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.

2. The FDCPA regulates the behavior or collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

4. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1) – (8). Among these *per se* violations prohibited by that section are: collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

5. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Gregory Faustin ("Faustin"), is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, First Credit, is a New York Domestic Business Corporation with a principal place of business located at Piscataway, New Jersey. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

10. Sometime prior to July, 2016, Faustin allegedly incurred a financial obligation to Retro Fitness (the "Retro Fitness Obligation").

11. The Retro Fitness Obligation arose out of a transaction in which the money or services which are the subject of the transaction are primarily for personal, family, or household purposes.

12. Sometime prior to July, 2016, Faustin allegedly defaulted on the Retro Fitness Obligation.

13. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to July 6, 2016, Retro Fitness Obligation assigned, placed, or transferred the debt to First Credit for collection.

14. First Credit is a debt collector that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. First Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. First Credit contends that the Retro Fitness Obligation is in default.

17. The alleged Retro Fitness Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. On or about July 6, 2016, Plaintiff was mailed the collection letter attached as Exhibit A (the "7/6/16 Letter"). Plaintiff received it in the ordinary course of mail.

20. The 7/6/16 Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

21. The 7/6/16 Letter is, on information and belief, a form letter.

22. The 7/6/16 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

23. The 7/6/16 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The 7/6/16 Letter, upon information and belief, is a mass-produced, computer-generated, form letter that is prepared by the Defendants and sent to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

25. The 7/6/16 Letter sought to collect the amount of $97.64 and further states:

| | |
|---|---|
| *Balance since placed with our office:* | *$97.16* |
| *Total amount of interest accrued since placement with our office:* | *$ 0.00* |
| *Total amount of non-interest charges/fees accrued since placed with our office:* | *$ 0.48* |

26. Upon information and belief, the charges/fees accrued in the amount of $0.48 represent postage for mailing the collection letter.

27. The charges/fees are not expressly authorized by the agreement creating the debt and are not permitted by law.

28. The 7/6/16 Letter does not disclose that the balance may increase due to interest and/or charges/fees.

29. Plaintiff believes from reading the collection letter that the Balance Due was static and that payment of the Balance Due would satisfy the debt no matter when the payment was made, when in fact, the Balance Due continues to accrue interest and/or charges/fees.

30. Debt collectors transacting business in the Second Circuit are bound to disclose that the balance may increase due to interest and/or charges/fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

31. Defendant's actions as described herein violate 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(1).

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

32. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though set forth at length herein.

33. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

34. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) the false representation of—
    (A) the character, amount or legal status of any debt

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Section 1692f(1) states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. That Defendant's attempt to recover undisclosed and unauthorized charges/fees is improper.

37. That the $0.48 charges/fees is a fee charged and collected by Defendants.

38. That the $0.48 charges/fees is not expressly authorized by any agreement that Plaintiff has with the original creditor.

39. That the $0.48 charges/fees is not permitted by any applicable law.

40. That, as and for an alternative, Defendant retains all or a portion of the $0.48 charges/fees.

41. That Defendant's retention of all or a portion of the $0.48 charges/fees is not expressly authorized by any agreement that plaintiff has with the original creditor.

42. That Defendant's retention of all or a portion of the $0.48 charges/fees is not permitted by any applicable law.

43. That Defendant's statement in the 7/6/16 Letter regarding the $0.48 charges/fees is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f(1).

44. That Defendant's statement in the 7/6/16 Letter regarding the $0.48 charges/fees constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

45. That further, Defendant's statement in its collection letter regarding the $0.48 charges/fees also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e(2)(B).

46. That further, Defendant's statement in the 7/6/16 Letter regarding the $0.48 charges/fees constitutes a false, deceptive and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of the FDCPA Sections 1692e and 1692e(10).

47. That further, Defendant's statement in the 7/6/16 Letter regarding the $0.48 charges/fees is a threat to take an action that cannot be legally taken, viz., to add a fee that is not

authorized by any law or by the agreement between Plaintiff and the original creditor which

created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e(5).

48. Defendant used false representation and deceptive means to attempt to collect

interest without evidencing the basis for added interest in violation of 15 U.S.C. §§ 1692e,

1692e(2), 1692e(5), 1692e(10), and 1692f(1).

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

49. Plaintiff repeats, realleges and incorporates by reference the allegations

contained in paragraphs 1 through 48 of this Complaint as though set forth at length herein.

50. Collection letters such as those sent by defendant are to be evaluated by the

objective standard of hypothetical "least sophisticated consumer."

51. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt. . . . the
following conduct is a violation of this section:**

**(2) The false representation of –
(A) the character, amount, or legal status of any debt.**

52. Plaintiff read the 7/6/16 Letter and believed that by paying the Current

Balance he is paying his entire debt in full when in fact, undisclosed charges and fees are

accruing and may be added.

53. That by paying the Balance Due, Plaintiff does not know whether the debt has

been paid in full.

54. That the Defendant could still seek to collect additional charges and fees that have accrued between the date that the 7/6/16 Letter was mailed and the date that payment of the balance was made.

55. The FDCPA requires that debt collectors disclose to consumers that the balance due may increase due to interest and fees when they notify consumers of their balance.

56. The 7/6/16 Letter makes no disclosure that the Balance Due may increase due to interest and fees.

57. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2).

## CLASS ALLEGATIONS

58. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

59. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

60. The class is so numerous that joinder is impracticable.

61. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

62. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common questions are:

a. whether the defendant violated various provisions of the FDCPA,

including, but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692e(2), 1692f(1), and

1692g(a);

b. Whether Plaintiff and the Class have been injured by the defendant's

conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled

to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and

appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory relief.

63. Plaintiff's claims are typical of the claims of the class members.  All are based

on the same factual and legal theories.

64. Plaintiff will fairly and adequately represent the interests of the class

members.  Plaintiff has retained counsel experienced in consumer credit and debt collection

abuse cases.

65. A class action is superior to other alternative methods of adjudicating this

dispute.  Individual cases are not economically feasible.  The nature of the wrong depends on the

deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and

the class and against the Defendants as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA; and

d)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
         June 26, 2017

SHAKED & POSNER
Attorneys for Plaintiff

By: _____

Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)